# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

**DADRAIN BANKS**                                                                                                          **PLAINTIFF**

**v.**                         **No: 4:19-cv-00297 JM-PSH**

**PULASKI COUNTY SHERIFF'S OFFICE,** *et al.*                     **DEFENDANTS**

## ORDER

Plaintiff Dadrain Banks is incarcerated at the Pulaski County Detention Facility ("PCDF"). On April 25, 2019, Banks filed various documents with the Court including grievances and receipts, which were docketed as a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). Banks was instructed to pay the required filing fee or an application to proceed *in forma* pauperis (Doc. No. 2). When Banks did not timely do so, his case was dismissed. *See* Doc. Nos. 3 & 4. Banks later filed the required application and his case was reopened. *See* Doc. No. 21. On July 29, 2019, the Court granted Banks' application to proceed *in forma pauperis* and directed him to amend his complaint to describe only one factually related incident or issue because the various complaints filed by Banks in this case[1] describe numerous unrelated claims (Doc. No. 26).[2] Banks filed a Fourth Amended Complaint on August 9, 2019 (Doc. No. 31).

---

[1] *See* Doc. Nos. 1, 22, 23 and 25.

[2] Under Fed. R. Civ. P. 18, a plaintiff may bring multiple claims, related or not, against a single defendant. To proceed against multiple defendants, plaintiff must satisfy Fed. R. Civ. P. 20, which allows claims against multiple defendants when the claims against them arise out of the same series of occurrences, and present questions of fact common to all defendants. *See Mosley v. Gen. Motors Corp.*, 497 F.2d 1330, 1333 (8th Cir. 1974) (Rule 20 permits "all reasonably related claims for relief by or against different parties to be tried in a single proceeding."); *see also Fulghum v. Allen*, 2015 WL 5667479 at *1 (8th Cir. 2015); *Harris v. Union Pacific R. Co.*, 2013 WL 1187719 (E.D. Ark. 2013); *Langrell v. Union Pacific R. Co.,* 2012 WL 3041312 (E.D. Ark. 2012).

In the meantime, Banks filed several other § 1983 cases. The first of those was filed on April 23, 2019, after Banks sent in documents such as grievances and receipts. *See* No. 4:19-cv-00291 DPM-BD, Doc. No. 1.[3] Banks was ordered to file an amended complaint in that case narrowing his case to one factually related incident. *See* Doc. No. 10 in No. 4:19-cv-00291. On July 16, 2019, Banks filed a document with the heading Amended Complaint/Objections/Statement of Necessity. It was docketed in case No. 4:19-cv-00291 as an amended complaint (Doc. No. 14) and in this case as a notice (Doc. No. 16). In that document, Banks alleged he had been subjected to unsanitary conditions in the PCDF and had been subjected to sexual harassment. Banks' amended complaint was served on defendants in case No. 4:19-cv-00291 (*see* Doc. No. 19).

The documents initially filed in this case include grievances describing unsanitary conditions in the PCDF and sexual harassment by guards at the PCDF. *See* Doc. No. 1 at 3, 5, 7, 9 & 11. He also attached commissary receipts and order forms. *Id.* at 13-15. Banks later filed other notices, exhibits, and amended complaints describing those issues and others. *See* Doc. Nos. 6, 8, 11, 16, 18, 19, 22, 23 and 25. He also sent in more copies of commissary receipts and order forms. *See* Doc. Nos. 7 & 14. Because the various complaints filed by Banks in this case describe numerous unrelated claims, he was ordered to file an amended complaint identifying claims relating to one issue. Doc. No. 26. Banks filed an amended complaint but did not significantly narrow his claims. He continues to complain about sexual harassment by certain officers and interference with his commissary purchases, but also raises new claims based on events that occurred after he filed the complaint in this case. Specifically, he complains about interference with his legal mail which caused him to miss deadlines and some of his cases to be dismissed;

---

[3] *See also Banks v. Turn Key Medical*, No. 4:19-cv-00352 JM (regarding medical care); *Banks v. Israel et al.*, No. 4:19-cv-00535 SWW-JTR (regarding commissary purchases).

about strip searches and incidences of retaliation and excessive force occurring in May of 2019; and about certain officers continuing to try to see him naked in May and June of 2019. Doc. No. 31 at 4-9.

Because these claims are not all factually related to one another, they may not be prosecuted in a single action against multiple defendants. *See* Fed. R. Civ. P. 20(a)(2). Additionally, it is futile to allow Banks to amend his complaint to include the new allegations he raises in his most recent amended complaint because he could not have exhausted his administrative remedies on these new claims until after he filed the original lawsuit. The Eighth Circuit Court of Appeals has held that exhaustion must occur before a lawsuit is filed. *See generally Johnson v. Jones,* 340 F.3d 624, 628 (8th Cir. 2003). The only allegation in Banks' most recent amended complaint that may relate to Banks' original complaint is the sexual harassment he complains of in case No. 4:19-cv-00291 and the interference with his commissary which appears to be the subject of case No. 4:19-cv-00535. Because those claims (along with Banks' allegations of unsanitary conditions) are pending in other cases, there is no claim in this case on which Banks may proceed. Accordingly, the Court vacates the Order granting *in forma pauperis* and administratively closes this case. Any amounts collected towards the filing fee in this case are to be applied to case No. 4:19-cv-00291. The Clerk of the Court is directed to mail a copy of this Order to the Pulaski County Sheriff.

IT IS SO RECOMMENDED this 13th day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE